## CIRCUIT COURT OF ROANOKE COUNTY

Donald J. Ridenour

v.

Ronald H. Miller

May 9, 1974

Case No. (Law) 45-1974

By Judge Robert J. Rogers

This matter came before the Court upon the petition of Donald J. Ridenour, seeking a writ of mandamus to compel the Zoning Administrator for the Town of Vinton to issue building permits for construction of duplexes on certain lots located in Vinton. The Administrator opposed the writ, and a hearing was held on March 27, 1974.

On January 21, 1974, petitioner applied to the Zoning Administrator for the building permits. The evidence shows, and the parties agree, that the zoning classification at the time of the application permitted use of the lots was for duplexes, and the parties further agree that the petitioner complied with all procedures in making his application.

Although the property was zoned to permit the use proposed, the Zoning Administrator declined to issue the permits. Instead, he advised members of the Council of the Town of Vinton of the application, and, on the following day, January 22, Council in a formal meeting directed the Administrator to deny the permits. Acting in accordance with Council's direction, the Administrator refused to issue the permits.

Evidence at the hearing showed that the Council's action was based upon its concern that the proposed duplexes might create problems of safety and health contrary to the welfare of the residents in the area. Among other things, Council was disturbed by potential traffic difficulties and the adequacy of water and sewer facilities. Photographs were introduced in evidence, and testimony was offered by the Zoning Administrator and the Mayor to demonstrate the basis for Council's action.

Subsequent to the hearing, and with the consent of the parties, the Court personally viewed the area under consideration. This inspection made the Court aware of the potential problems which concern Council,

and the Court fully understands Council's apprehension. However, while it appreciates the concern of the Council and the residents of the area, the Court is bound by the applicable law. A review of the legal provisions shows that Council's action, though well intentioned, did not conform with the procedure established to accomplish the objectives the action sought.

In 1967, the Council adopted the current zoning ordinance. This ordinance was enacted "for the purpose of promoting the health, safety, or general welfare" of the citizens of Vinton, and was adopted pursuant to § 15.1-486 of the Code of Virginia, which authorizes the governing body of a municipality to divide the territory under its jurisdiction into zoning districts. Article 10-1-3 of the ordinance requires the Zoning Administrator to issue a permit where the proposed use of the property conforms with the provisions of the ordinance. Article 13 provides that the ordinance, including any restrictions established therein, may be amended or modified by a majority of Council, provided the procedure stipulated in that article be followed. This procedure requires a public hearing before the planning commission and also requires publication of notice in a newspaper having general circulation in the Vinton area.

Council's action in prohibiting issuance of the permits was in effect an amendment of the zoning ordinance in that the action modified the permitted uses in the district concerned. Of course, Council had a right to amend the ordinance, provided it follow the established procedure. It is clear that this procedure was not followed; hence, Council's action was ineffective.

At the time of the application for the permits, the proposed use was in conformity with the zoning ordinance, and the administrator should have issued the permits. The issuance is a ministerial act, and it is therefore appropriate to issue a writ of mandamus to compel performance thereof in the instant matter. *May v. Whitlow*, 201 Va. 533 (1960).

In view of the foregoing, an appropriate writ has been prepared,